**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

JOSHUA ALEXANDER SHURETT, :
:
Plaintiff, :
:
v. : Case No. 5:26-cv-00244-TES-AGH
:
SHERIFF :
MATTHEW MOULTON, *et al.*, :
:
Defendants. :

**ORDER & RECOMMENDATION**

On June 22, 2026, Plaintiff Joshua Alexander Shurett, a prisoner in Rogers State Prison in Reidsville, Georgia, filed a document that was docketed as a 42 U.S.C. § 1983 complaint, although it was not on the form for such a complaint (ECF No. 1). Plaintiff did not sign this document. On June 23, 2026, the clerk's office issued a notice of deficiency, informing Plaintiff that he must resubmit a signed copy. On July 6, 2026, Plaintiff submitted a signed amended complaint on the proper form (ECF No. 4). That amended complaint is now the operative pleading in this case. *See Schreane v. Middlebrooks*, 522 F. App'x 845, 847 (11th Cir. 2103) ("[A]n amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts [it]." (quotations and citation omitted)).

Plaintiff also submitted a motion to stay these proceedings while related state criminal proceedings are pending (ECF No. 2), a motion to proceed *in forma pauperis* (IFP) (ECF No. 5), and an emergency motion for a temporary restraining

order or preliminary injunction (ECF No. 6). As set forth below, Plaintiff's motion to stay is **DENIED**, Plaintiff's motion to proceed IFP is **GRANTED** (with Plaintiff to pay an initial partial filing fee of $24.00), and it is **RECOMMENDED** that the motion for injunctive relief be **STRUCK** from the docket.

## MOTION TO STAY

In the motion to stay, Plaintiff asserts that he has pending criminal charges in the Houston County State Court that relate to the events underlying the claims in his complaint (ECF No. 2). He also states that he has a pending habeas corpus petition. *Id.* Plaintiff says that he filed the complaint to ensure that the statute of limitations did not expire before he filed his claims, but he asks that this case be stayed pending resolution of his criminal case and habeas corpus proceedings. *Id.*

Because he is a prisoner proceeding against government officials, Plaintiff's complaint is subject to a preliminary review under 28 U.S.C. § 1915A(a). Staying the case at this preliminary stage of the proceeding would add unnecessary delay that review. Plaintiff's motion for a stay is thus **DENIED**. On preliminary review of Plaintiff's complaint, the Court will consider whether this case should be stayed under *Younger v. Harris*, 401 U.S. 37 (1971), or any other principles requiring a stay.

## MOTION FOR LEAVE TO PROCEED IFP

As noted above, Plaintiff filed a motion for leave to proceed in this action IFP. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed IFP (ECF No. 5) is **GRANTED**.

A prisoner allowed to proceed IFP must still pay the full amount of the $350.00 filing fee in installments based on funds in his account. When a prisoner has funds, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Plaintiff's account certification shows his average monthly deposits for the three months he was incarcerated before filing the complaint equaled $120.00 (ECF No. 5-1 at 1). As twenty percent of $120.00 is $24.00, Plaintiff is **ORDERED** to pay an initial partial filing fee of $24.00.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the $350.00 filing fee is paid in full as set forth in § 1915(b) and explained below. The **CLERK** shall forward a copy of this **ORDER** to the business manager of the facility where Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The filing fee is not refundable, regardless of the outcome of the case, and must be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

It is **ORDERED** that the warden of the institution in which Plaintiff is incarcerated, or the sheriff of any county in which he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance

with the provisions of the Prison Litigation Reform Act (PLRA), Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**MOTION FOR INJUNCTIVE RELIEF**

Finally, Plaintiff filed a motion for temporary restraining order or preliminary injunction, but he did not sign this motion (ECF No. 6). A cover letter attached to the motion was signed by Plaintiff's mother, suggesting she may have prepared it. *Id.* at 1. Parties may "conduct their own cases personally or by counsel," but a non-lawyer cannot represent a party in court. *FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (quoting 28 U.S.C. § 1654). Nothing has been filed to show

Plaintiff's mother is an attorney. Fed. R. Civ. P. 11 states "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Moreover, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Plaintiff did not sign the motion or correct the situation after the clerk issued a notice of deficiency. Thus, it is **RECOMMENDED** that Plaintiff's motion for injunctive relief (ECF No. 6) be **STRUCK** from the docket.

## CONCLUSION

Therefore, as set forth above, Plaintiff's motion for a stay (ECF No. 2) is **DENIED**. Plaintiff's motion to proceed IFP (ECF No. 5) is **GRANTED**, and Plaintiff is **ORDERED** to pay an initial partial filing fee of $24.00. While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee. Thus, Plaintiff must arrange with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this Order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the Clerk of Court. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above. Plaintiff's failure to pay the initial partial filing fee will likely result in the dismissal of this action.

Finally, it is **RECOMMENDED** that Plaintiff's motion for injunctive relief (ECF No. 6) be **STRUCK** from the docket because Plaintiff did not sign that motion.

Plaintiff shall keep the Court informed of any future address change and his failure to do so may result in the dismissal of this action.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days before the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 25th day of August, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE